IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONY EDUARDO ROQUE-OLIVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1524-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as* | § | |
| *Acting U.S. Attorney General*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Rony Eduardo Roque-Oliva's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and Federal Respondents' ("Respondents") Response, (Dkt. 5). Respondents assert that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) *and* the Laken Riley Act." (*Id.* at 1 (emphasis in original)).

While the Court does not doubt that the Immigration and Nationality Act ("INA") may contain multiple overlapping detention authorities that *could* apply to an individual, and that immigration officials may therefore at times be able to choose between multiple detention authorities, the Court notes that the purported application of multiple authorities to a single individual raises significant due process concerns. As another judge in this district has recently explained, "the fact that a noncitizen can be *subject to* multiple provisions does not by itself establish that a noncitizen can also be *detained under* multiple provisions simultaneously," and "even if the Court were to accept that a noncitizen could be detained simultaneously under multiple provisions of the INA, the Court would harbor grave concerns about the constitutionality of such a regime. Indeed, as Federal Respondents themselves note, the two provisions at issue, 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(c), operate differently, have entirely different provisions for release, and have distinct mechanisms for challenging the provision's application." *Hernandez Soto v. Blanche*, 1:26-CV-

1

1073-DAE, at 11–13 (W.D. Tex., June 9, 2026). A detainee purportedly held under both provisions would therefore be unable to determine what process might even be available to him to challenge his detention—cutting to the very heart of the Due Process Clause's protections.

Accordingly, **IT IS ORDERED** that, **on or before June 29, 2026**, Respondents shall file a brief supplemental response, of no more than five pages, explaining what specific detention authority is being applied to Petitioner in this case.

**SIGNED** on June 25, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE